# CIVIL CITATION
## THE STATE OF TEXAS

### CAUSE NO: 59143

| | | |
|---|---|---|
| ROBERT O'NEAL | § | 88TH JUDICIAL DISTRICT COURT |
| -VS- | § | |
| LARRY WINGATE INDIVIDUALLY AND D/B/A LARRY | § | |
| E. WINGATE INSURANCE | § | COUNTY OF HARDIN |

**NOTICE TO DEFENDANT:** *"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."*

*PSC 6008*
*8-22-19*

TO: **TEXAS FARMERS INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE: CHRIS GRANGER**
**15700 LONG VISTA DRIVE**
**AUSTIN, TEXAS 78728-3822**

Defendant, in the hereinafter styled and numbered cause: 59143

You are hereby commanded to appear before 88TH JUDICIAL DISTRICT COURT of HARDIN COUNTY, TEXAS to be held at the courthouse located at 300 Monroe St. of said County in the City of Kountze, Hardin County, Texas, by filing a written answer to Plaintiff's First Amended Petition at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 59143 styled:

### ROBERT O'NEAL
### -VS-
### LARRY WINGATE INDIVIDUALLY AND D/B/A LARRY E. WINGATE INSURANCE

Said First Amended Petition was filed in said court on 08/16/2019 by MARK FRASHER, Attorney for Plaintiff, whose address is POST OFFICE BOX 26005, BEAUMONT, TEXAS 77720-6005.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT KOUNTZE, TEXAS, ON THIS THE 20th day of August, 2019.



Dana Hogg, District Clerk
Hardin County, Texas
P.O. Box 2997
Kountze, TX 77625

By _____
KATIE ROMERO, DEPUTY CLERK

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20__ at _____ o'clock ___M, and executed at _____ o'clock _____ on the _____ day of _____, 20___, by delivering to the within named TEXAS FARMERS INSURANCE COMPANY, (_____), in person, a copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

[ ] Not executed. The diligence use in finding defendant being _____
_____.

[ ] Information received as to whereabouts of defendant being _____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY.

**EXHIBIT**
**B**

FEES:

**RECEIVED**

**AUG 2 2 2019**

**AUSP**

_____
Sheriff / Constable

_____ County, Texas

By _____ Deputy

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

59143

## CASE NO. 59143

| | | |
|---|---|---|
| **ROBERT O'NEAL** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **HARDIN COUNTY, TEXAS** |
| | § | |
| **LARRY WINGATE, INDIVIDUALLY** | § | |
| **AND D/B/A LARRY E. WINGATE** | § | |
| **INSURANCE** | § | **88th JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROBERT O'NEAL and DARLENE O'NEAL, Plaintiffs, complaining of LARRY WINGATE, Individually and d/b/a LARRY E. WINGATE INSURANCE, Defendant (hereinafter referred to as "Wingate"), TEXAS FARMERS INSURANCE COMPANY, Defendant (hereinafter referred to as "Farmers"), collectively referred to as "Defendants," and for cause of action would show unto the Court as follows:

### I.

Plaintiff brings this case pursuant to Level 3 of the Revised Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional threshold of this Court. Venue is proper in Hardin County, Texas because Plaintiff is a resident of Hardin County and all or a substantial portion of the events at issue occurred in said county.

1

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

## III.
## PARTIES

Plaintiffs are ROBERT O'NEAL and DARLENE O'NEAL.

Defendant, LARRY WINGATE is an individual who may be served with process at his office located at 855 Texas Avenue, Bridge City, Texas 77611. Defendant has been served and is before the Court.

Defendant, LARRY WINGATE, Individually and d/b/a LARRY E. WINGATE INSURANCE is an insurance agency doing business in the State of Texas and may be served with process at 855 Texas Avenue, Bridge City, Texas 77611. Defendant has been served and is before the Court.

Defendant, TEXAS FARMERS INSURANCE COMPANY is an insurance agency doing business in the State of Texas and may be served with process by and through its Agent for Service, Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822, or wherever Defendant has been served.

Plaintiffs sue for monetary relief over $200,000.00 but not more than $2,000,000.

Plaintiffs hereby invoke Rule 28 of the Texas Rules of Civil Procedure.

## IV.
## FACTS

During all periods of time relevant to this lawsuit, Plaintiffs had retained Defendant, Wingate as their insurance agent to procure insurance for their real and personal property located at 5944 Falcon Crest, Lumberton, Texas, which was Plaintiffs home (also referred to as "the property"). As such, Plaintiffs relied on Defendant Wingate's professional expertise to procure and maintain insurance on the

2

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

property.  Plaintiffs also had a reasonable expectation to be informed by Defendant Wingate if for any reason there was an issue with the insurance on the property. Defendant Wingate undertook to keep Plaintiffs informed concerning the status of coverage on the property, including but not necessarily limited to the fact of coverage and amount of coverage.

For years leading up to the damage suffered from Hurricane Harvey, Defendant Wingate had undertaken to procure insurance through Defendant Farmers for the property.  Throughout these years, Defendant Wingate had procured two separate policies issued by Farmers to cover the property with one policy covering the main residence and another policy covering a barn and remaining property. Defendants represented that policies provided coverage for losses resulting from flood. Throughout the years, Defendant Wingate undertook to increase coverage under the policies and transmit/accept/handle premium payments.  The increased coverage resulted in an increased premium payment benefiting Defendants Wingate and Farmers.  Defendant Farmers was aware of the foregoing actions by Defendant Wingate and that the policies covered Plaintiffs' home.

Plaintiffs made payments to renew both policies in 2016 and 2017.  Defendant Wingate represented that the Farmers policies were in effect during this timeframe and undertook to transmit/handle premium payments between Plaintiffs and Farmers.   At all times Defendants Wingate and Farmers were aware the premium payments were to pay for issuance of two policies to cover the property and were aware of Farmer's valuations of the property, which valuations exceeded the coverage. After making a claim for damage sustained to the property from Hurricane

3

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

Property, Plaintiffs learned that only one of the policies was in effect, which was not even the policy which had covered Plaintiff's actual home. Plaintiffs learned that Defendant Wingate had misrepresented that the policies were in effect, and learned that both Defendants Wingate and Farmer had mishandled and disregarded premium payments. Both Defendants had mishandled premium payments in disregard for both the prior course of dealing and in disregard for the property descriptions in Defendants' possession. As a result of this mishandling of premium payments, misrepresentations Plaintiffs were left without insurance coverage on their home at the time of the flood loss caused by Hurricane Harvey. Plaintiffs were unaware that Defendants had failed to process premium payments to issue both policies until after the loss occurred.

On or about August 29, 2017, Hurricane Harvey struck Southeast Texas, causing severe flooding, damaging homes and businesses throughout the Gulf-Coast region of Texas, including Plaintiffs' property. Plaintiffs' residence and barn were severely damaged by flood waters. Plaintiffs reported the loss thinking that the property was insured but was informed the policy covering the residence had been cancelled effective April 12, 2016.

Had Defendants not mishandled premium payments, not disregarded the course of dealing and facts of coverage over the years, and Defendant Wingate not misrepresented the existence and fact of coverage, all of Plaintiffs' properties would have been covered for the property loss, not just the barn.

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

## V.
## CAUSES OF ACTION

All claims and causes of action are plead in the alternative in accordance with the Texas Rules of Civil Procedure.  All facts and matter set forth above are incorporated into the below causes of action.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

Defendant Wingate is liable to Plaintiff for intentional violations of the Texas Unfair Competition and Unfair Practices Act, violations of the Texas Deceptive Trade Practices Act-Consumer Protection Act, negligent misrepresentation and fraudulent misrepresentation.

Defendant Wingate's conduct constitutes multiple violations of the Texas Insurance Code. TEX. INS. CODE ANN. Art. Section 541.060(a). All violations under this article are made actionable by TEX. INS. CODE. ANN. Art. Section 541.151.

Defendant Wingate is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE ANN. Section 541.003. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."  TEX. INS. CODE ANN. Section 541.002(2).

Defendant Wingate's misrepresentation and false advertising of policy contracts, as described above, in making statements misrepresenting the terms of a policy issue, and misrepresenting the fact and effectiveness of coverage constitutes

5

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Section 541.051(1)(A).

Defendant Wingate's misrepresentation of and concerning an insurance policy, as described above, and making an untrue statement of material fact, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. ANN Section 541.061(1).

Defendant Wingate's misrepresentation of and concerning an insurance policy, as described above, in failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Section 541.061(2).

Defendant Wingate's misrepresentation of and concerning an insurance policy, as described above, in making statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Section 541.061(3).

## VI.
## NONCOMPLIANCE WITH THE TEXAS BUSINESS & COMMERCE CODE: "TEXAS DECEPTIVE TRADE PRACTICES ACT- CONSUMER PROTECTION ACT"

Defendant Wingate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act-Consumer Protection Act. TEX. BUS. & COM. CODE ANN. Section 17.41-17.63. All violations of this chapter are made actionable by TEX. BUS. & COM. CODE ANN. Section 17.50(a)(1).

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

Defendant Wingate's misrepresentation, as described above, that goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he or she does not, constitutes, a false, misleading, or deceptive act or practice.  TEX. BUS. & COM. CODE ANN. Section 17.46(b)(5).

Defendant Wingate's misrepresentation, as described above, that its goods and services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE ANN. Section 17.46(b)(7).

Defendant Wingate's misrepresentation, as described above, that an agreement conferred or involved rights, remedies and obligations, which it does not have or involve, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE ANN. Section 17.46(b)(24).

## VII.
## FRAUDULENT MISREPRESENTATION

Defendant Wingate made representations of material fact to Plaintiffs that Plaintiffs property was covered the Farmers' policies of insurance as had been in place over the years.   Defendant Wingate failed to inform Plaintiffs of any lapse in coverage.

In making these representations, Defendant Wingate knew the representations were false or acted with reckless disregard of the truth or falsity of the representations.  Defendant Wingate intended that Plaintiffs rely on said representations and Plaintiffs relied on the false representations to their detriment.

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

## VIII.
## NEGLIGENT MISREPRESENTATION

Defendant Wingate's conduct constitutes a tort for negligent misrepresentation in the State of Texas.

Defendant Wingate made material representations to Plaintiffs verifying coverage for all of Plaintiff's property, which representations were made in the course and scope of Defendant Wingate's business and in transacting business in which Defendant Wingate had an interest. Defendant Wingate failed to inform of Plaintiffs of material facts concerning the status of their insurance coverage for all of the property.

In making these representations, and omitting material facts, Defendant Wingate supplied false information for the guidance of Plaintiff. Defendant Wingate did not exercise reasonable care or competence in obtaining or communicating the information concerning insurance coverage for the property. Defendant Wingate's negligent misrepresentations and omissions of material facts proximately caused Plaintiffs to suffer economic and noneconomic injuries and damages.

## IX.
## NEGLIGENCE – WINGATE AND FARMERS

For years, Defendants were aware of the nature and description of the property and that the property was covered by two separate policies. Defendants were aware that Plaintiffs paid the premiums in two separate payments. On the occasion in question, Defendants failed to exercise ordinary care in the handling of premium payments. Defendants' negligent handling of Plaintiffs premium payments proximately caused Plaintiffs' home to purportedly not be covered.

8

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

Additionally, Defendant Wingate was aware of the value of the property. That said, Defendant failed to exercise ordinary care to maintain sufficient coverage on the property.

## X.
## BREACH OF CONTRACT

Defendant Wingate's conduct constitutes a breach of the verbal contract to procure a flood insurance policy covering both the residence and the barn to protect Plaintiffs' property. Defendant Wingate's conduct constitutes a breach of the verbal agreement that Plaintiff's' property was covered by insurance. Defendant Wingate's conduct a breach of the verbal agreement to insure the property was covered for the value of the property.

Defendant Wingate was hired by Plaintiffs to procure a flood policy of insurance for Plaintiffs' property that would include coverage for the residence and the barn. The Plaintiffs agreed to purchase qualifying insurance through Defendant Wingate. Defendant Wingate accepted the terms of this verbal contract to procure flood insurance that covered both the residence and barn. Defendant Wingate agreed and undertook to procure and maintain insurance sufficient to cover the value of Plaintiffs' property. Defendant Wingate breached said agreements by failing to perform as agreed.

Plaintiffs fully performed their part of the bargain by giving Defendant Wingate clear instructions that he needed coverage for both residence and the barn and issuing payment in full. Defendant Wingate failed to apply Plaintiff's payment to the correct policy as promised. As a result of Defendant Wingate's breach of

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

contract the Plaintiff has suffered a tremendous financial loss. Plaintiff was forced to retain the undersigned attorneys to recover the damages he has sustained as a result of this breach of contract.

## XI.
## DAMAGES

For noncompliance with the Texas Insurance Code, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE ANN. Section 541.152.

For noncompliance with the Texas Deceptive Trade Practices Act, Consumer Protection Act, Plaintiff is entitled to economic damages, which includes the amount of his benefits wrongly withheld. For Knowing conduct violations, with regards to these breaches of duty, Plaintiff is entitled to damages for mental anguish, and Plaintiff also ask for three times the economic damages. For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to economic damages and damages for mental anguish, and Plaintiff asks for three times the amount of economic and mental anguish damages. Plaintiff is also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN Section 17.50(b)(1).

For negligent misrepresentations, Plaintiff is entitled to actual damages and exemplary damages, along with court costs, interests and attorney's fees.

For fraudulent misrepresentations, Plaintiff is entitled to actual damages and exemplary damages, along with court costs, interests and attorney's fees.

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

For breach of contract, Plaintiff is entitled to actual damages along with court costs, interest and attorney's fees.

For negligence, Plaintiff is entitled to recover actual and consequential damages – including economic and noneconomic – mental anguish, costs, and interest.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed in this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or Supreme Court of Texas in accordance with *Civ. Prac. & Rem Code Sec. 38.001,* and *Section* 17.50 of the Business and Commerce Code, and Texas Insurance Code.

## XII.
## REQUEST FOR DISCLOSURE

Plaintiffs request that Defendant supply all information required by Tex. R. Civ. P. 194 within fifty (50) days of service of this request the information and materials described in Rule 194.2 (a) – (l).

## RULE 193.7 NOTICE

Plaintiff hereby puts Defendants on notice that Plaintiffs intends to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Defendants be cited to answer and appear and that upon final hearing, the Plaintiff has judgment in an amount in excess of the minimum jurisdictional limits of this

Filed: 8/16/2019 2:17 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Katie Romero

Court, for pre-judgment and post-judgment interest, for court costs, and for such other and further relief to which she may be justly entitled at law or in equity and for all of which she will ever pray.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
Post Office Box 26005
Beaumont, Texas 77720-6005
Telephone: (409) 838-1000
Facsimile: (409) 833-8236

By /s/ *Mark Frasher*
　　　　　Mark Frasher
　　　　　State Bar No. 00798187
　　　　　mfrasher@rmqlawfirm.com

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all appropriate parties on this 16th day of August, 2019.

/s/ *Mark Frasher*
Mark Frasher