| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| ROBERT O'NEAL, DARLENE O'NEAL, <br>   Plaintiffs, <br><br> *versus* <br><br> LARRY WINGATE, INDIVIDUALLY AND; AND TEXAS FARMERS INSURANCE COMPANY, <br>   Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 1:19-CV-00409-MAC |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. This case was originally filed in the 88th Judicial District Court, Hardin County, Texas. *See* Doc. No. 1. Defendant Texas Farmers Insurance Company ("Farmers") removed the case to this court. *Id*. Pending before the court is Plaintiffs Robert and Darlene O'Neal's ("O'Neal") "Motion to Remand." Doc. No. 6. Farmers filed its response to the motion to remand. Doc. No. 8.

The court has received and considered the report (Doc. No. 16) of the magistrate judge, recommending that the court grant the motion to remand primarily because the case involves solely issues of state law. Doc. No. 16, p. 1. A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court."

*Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).  Farmers' objections are now considered by the court. Doc. No. 21.

Farmers' objections re-state many of the arguments originally raised in its response to O'Neal's motion to remand. Doc. No. 21. *See also* Doc. No. 8.  However, Farmers fails to address *Campo* substantively, which clearly differentiates the proper jurisdiction for claims handling versus claims procuring cases. *Campo v. Allstate Ins. Co.,* 562 F.3d 751, 757 (5th Cir. 2009).  As discussed by the magistrate judge, this case involves a claim procurement issue because O'Neal was not covered by flood insurance during the parties' interactions.  Doc. No. 16, p. 2. *See also Grissom v. Liberty Mutual Fire Insurance Company*, 678 F.3d 397, 401 (5th Cir. 2012).  The magistrate judge correctly applied *Campo* and its progeny in concluding that O'Neal's claim is not preempted by federal law, and therefore, that removal was improper because this court lacks federal-question jurisdiction. Doc. No. 16, p. 2.

In its objections, Farmers also criticizes the precedent relied upon by the report and recommendation as a "follow the leader" approach to the jurisdiction issue.  Doc. No. 21, p. 4. This odd criticism overlooks a foundational pillar of the American judicial system—stare decisis. *Helvering v. Hallock*, 309 U.S. 106, 119 (1940).  It is unclear why Farmers questions those courts' decision to follow clearly established precedent.  Certainly, it is not this court's prerogative to reject the same controlling and straightforward precedent.

It is, therefore, **ORDERED** that the report and recommendation of the magistrate judge (Doc. No. 16) is **ADOPTED**, the O'Neal's "Motion to Remand" (Doc. No. 6) is **GRANTED**, and this action is **REMANDED** to the 88th Judicial District Court, Hardin County, Texas.

SIGNED at Beaumont, Texas, this 25th day of February, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE